HAWKINS, Justice,
for the Court:
This is an appeal by the Mississippi State Tax Commission (Commission) from an order of the Chancery Court quashing a subpoena duces tecum directed to the Chancery Clerk of Adams County, and revoking the alcoholic beverage permit of Elks Lodge # 553 in Natchez.
We find the Chancery Court of Adams County was without authority to take original jurisdiction, and reinstate the subpoena.
In 1966 the Legislature enacted the “local option alcoholic beverage control law.” See: Chapter 540, Laws 1968, Miss.Code Ann. § 67-1-1.
The administration and enforcement under the laws of this act were vested in the Commission. See: Miss.Code Ann. § 67-1-19, making agents peace officers with power to arrest as well make searches and seizures. See: Miss.Code Ann. § 67-1-31.
The Commission is authorized to issue, as well as to revoke or suspend, permits to sell all alcoholic beverages; promulgate rules and regulations; and to inspect premises where alcoholic liquors are sold or distributed. It is likewise authorized to issue subpoenas requiring the attendance of witnesses and production of books and records. See: Miss.Code Ann. § 67-1-37.
Under the act if any holder of a permit conducts any form of gambling on the premises, or knowingly has any gambling device, the Commission must either revoke or suspend its license. See: Miss.Code Ann. § 67-l-71(i).
If a holder desires to appeal from any order of the Commission, it is to the Chancery Court of the domicile of the appellant, but without supersedeas. See: Miss.Code Ann. § 67-1-39.
Finally, the act authorizes the Commission to apply to any court of competent jurisdiction for injunctive relief, and requires all law enforcement officers and agencies to cooperate with the Commission and its agents. See: Miss.Code Ann. §§ 67-1-89 and 67-1-91.
In making a routine inspection of the Elks Lodge, holder of a liquor permit, on April 25, 1984, agents of the Commission found four slot machines with $160.85 in coins therein. They seized the machines and arrested the manager, Thomas E. Con-nelly. Connelly was charged criminally with the unlawful possession of slot machines in violation of Miss.Code Ann. § 97-33-7, which makes it a crime to possess gambling devices, including slot machines, and also requires the destruction of the machines.
On May 1, 1984, a Justice Court of Adams County found Connelly not guilty and discharged him. The Justice Court Judge also ordered the slot machines transferred to the Chancery Clerk of Adams County for further disposition, and to deliver all monies in the machines to the Chancery Clerk. Finally, to cover all bases in rendering this matter res judicata a la Justice Court, Adams County, this august magistrate found as a fact there was a total insufficiency of any evidence of any kind of gambling activities on or about Elks Lodge.
The Justice Court thereupon forwarded the slot machines to the Chancery Clerk. The Commission agents honored this order by paying the $160.85 to the Chancery Clerk.
On June 8, 1984, the Commission issued a subpoena duces tecum to the Chancery Clerk requiring the Clerk to surrender the slot machines and the money to the Alcoholic Beverage Control for an administrative hearing before the Commission.
On that same day, without giving notice to the Commission, the Chancery Court of Adams County entered the following order:
THIS CAUSE came on for hearing this day upon subpoena duces tecum issued by the Alcoholic Beverage Control Division and Motion to Quash Subpoena Duc-es Tecum and Release Evidence filed by the Elks Lodge # 553, and the Court being fully advised in the premises, and after maturely considering the same, does hereby find and order the following:
*1227 1.
The Court has pendente jurisdiction of this matter.
2.
The Justice Court of Adams County, Mississippi by order dated May 1, 1984 and on file in this cause, transferred certain evidence to this Court for further disposition.
3.
There is presently pending before the Alcoholic Beverage Control Division a revocation hearing pertaining to Elks Club # 553, Natchez, Mississippi, On-Premises Retailer Club Permit No. 0401. The said Alcoholic Beverage Control Division has issued a subpoena duces te-cum for that certain evidence that is the subject matter of this cause.
4.
The Elks Lodge # 553 has filed in this cause a motion to quash said subpoena duces tecum and release the evidence to it.
5.
The Court is bound by the doctrine of res adjudicata to the findings of the Justice Court in its order of May 1, 1984 in which said evidence was transferred to this Court, the same not having appealed from, particularly that portion of the order in which the Justice Court found that “as a matter of fact there was a total sufficiency [sic] of any evidence presented to the Court to establish any kind of gambling activities on or about the Elks Lodge # 553 in Adams County, Mississippi, on or about April 25, 1984, on the occassion [sic] complained of.”
6.
Notwithstanding the finding of the Justice Court as to the absence of gambling on the occassion [sic] complained of by the Alcoholic Beverage Control Division, the nature of the evidence at question in this cause is such that the said On-Premises Retailer Club Permit No. 0401 of the Elks Club # 553 should be revoked forthwith and returned to the Alcoholic Beverage Control Division.
7.
The question of gambling occurring in violation of the rules and regulations of the Alcoholic Beverage Control Division having been fully addressed and remedied by the Court in the above finding on the liquor license, the Court has no choice but to order the return of the evidence to the Elks Club # 553, subject however, to the requirement that it remain within the jurisdiction of the Court.
IT IS, THEREFORE, ORDERED the the [sic] Elks Lodge # 553 On-Premises Retailer Club Permit No. 0401 is hereby revoked by the Court effective this day at 12:00 P.M. Midnight, and the said Elks Club # 553 is ordered forthwith to return said permit or license to the Alcoholic Beverage Control Division.
IT IS FURTHER ORDERED that the evidence in question be returned to the Elks Club # 553, subject however, to the requirement that it remain within the jurisdiction of the Court.
SO ORDERED, this the 8th day of June, 1984.
The Commission appealed, and upon motion we expedited this cause.
LAW
The only authority of the Chancery Court in this case was appellate. It had no original authority to initially hear and determine any of the merits of this case. Miss.Code Ann. § 67-1-39.
The Commission was not only acting in the manner authorized by law in issuing the subpoena duces tecum, but it was the mandatory duty of the Commission to hear this matter, and revoke or suspend the license for a violation of Miss.Code Ann. § 67 — 1—71(i).
It follows that the Chancery Court order of June 8,1984, was void. The sole author *1228 ity of the Justice Court was to determine whether or not Connelly was guilty of violating Miss.Code Ann. § 97-33-7. It is not necessary to comment upon the remaining portions of the order, which were null.
THE ORDER OF THE CHANCERY COURT OF ADAMS COUNTY OF JUNE 8, 1984, IS VOID AND SHALL BE HELD FOR NAUGHT; THE SUBPOENA DUC-ES TECUM OF THE COMMISSION IS REINSTATED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and DAN LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.